# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOSEMITE IV INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>FEDEX GROUND PACKAGE SYSTEM, INC., et al.,<br><br>Defendants. | Case No. 19-cv-08184-BLF<br><br>**ORDER GRANTING MOTION TO REMAND ACTION TO STATE COURT; GRANTING IN PART PLAINTIFFS' REQUEST FOR ATTORNEY'S FEES**<br><br>[ECF 17] |

Before the Court is Josemite IV, Inc. and Long Nguyen's (together, "Plaintiffs") motion to remand for lack of diversity jurisdiction and request for attorney's fees. Motion to Remand ("Mot."), ECF 17-1. Plaintiffs bring this suit against FedEx Ground Package System, Inc. ("FedEx"), Michael Valenzuela, Stephen Everson, and Angela AcMoody (together, "Defendants") alleging among other things, intentional and statutory tort claims. FedEx removed this action from Santa Clara Superior Court on diversity grounds. Not. of Removal, ECF 1. At issue, is whether the joinder of non-diverse Defendants Valenzuela, Everson, and AcMoody (together, "Individual Defendants") is proper. Pursuant to Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and VACATES the hearing set on March 19, 2020. For the reasons discussed below, the Court GRANTS Plaintiffs' Motion to Remand and GRANTS IN PART Plaintiffs' Request for Attorney's Fees.

## I.  BACKGROUND

Starting in 2013, Plaintiff Nguyen, on behalf of his company, Josemite IV, Inc. ("Josemite") entered into several Independent Service Provider Agreements ("ISPA") with FedEx to pick-up packages from FedEx distribution centers and deliver them to homes and businesses in a specified area. Compl. ¶¶ 10-14, ECF 1-1, Exh. 3. Through Josemite, Nguyen purchased rights to service

FedEx routes operating out of distribution stations in San Jose and Hayward, among others. *Id.* ¶ 24. Nguyen routinely bought routes from FedEx and sold them to other contractors. *Id.* ¶ 25. Nguyen claims that "[t]he fate of any contract [with FedEx] rests in the hands of the Senior Station Manager[.]" *Id.* ¶ 12. Nguyen alleges that he paid more than $2 million for routes, trucks and other equipment, and invested more capital as he grew his company over five years. *Id.* ¶ 24. In October 2017, Defendant Valenzuela became Senior Station Manager at the FedEx distribution center in Hayward and "Nguyen's life changed." *Id.* ¶ 27. Nguyen alleges that Valenzuela "made sure that Nguyen could not sell" his routes. *Id.* Nguyen further alleges that Defendants Valenzuela, Everson (FedEx San Jose Senior Station Manager), and AcMoody (FedEx District Managing Director for Northern California) "schemed to sabotage" Josemite and set Josemite up for termination. *Id.* ¶¶ 35-36. All of Josemite's contracts with FedEx were eventually terminated in April 2017. *Id.* ¶ 41.

On July 25, 2019, Plaintiffs caused a Demand for Arbitration to be filed with the Judicial Arbitration and Mediation Services – naming only FedEx. Not. of Removal ¶ 3. By October 2019, however, the arbitration efforts fell apart. *Id.* ¶¶ 4-5. On November 8, 2019, Plaintiffs commenced this action in the Santa Clara Superior Court (Case No. 19CV358329). Not. of Removal ¶ 6. Plaintiffs assert the following claims:

(1) Harassment in violation of the Fair Employment and Housing Act (Nguyen against all Defendants);

(2) Discrimination in violation of Unruh Civil Rights Act (Nguyen against All Defendants);

(3) Misappropriation of Trade Secrets (Josemite against FedEx and Valenzuela);

(4) Breach of Contract (Josemite against FedEx);

(5) Breach of Implied Covenant of Good Faith and Fair Dealing (Josemite against FedEx);

(6) Intentional Misrepresentation, Concealment, and False Promise (Plaintiffs against all Defendants);

(7) Negligent Misrepresentation (Plaintiffs against All Defendants);

(8) Intentional Interference with Contract (Plaintiffs against All Defendants);

(9) Intentional Interference with Prospective Economic Advantage (Plaintiffs against All

1       Defendants);

2   (10)  Negligent Interference with Prospective Economic Advantage (Plaintiffs against All

3       Defendants);

4   (11)  Unfair Competition (Plaintiffs against FedEx); and

5   (12)  Declaratory Relief.

*See generally*, Compl.

On December 16, 2019, Defendant FedEx filed a notice of removal on the basis of diversity jurisdiction and fraudulent joinder. *See* Not. of Removal. Plaintiffs moved to remand this action back to state court on January 14, 2020, claiming that because the joinder of the non-diverse Individual Defendants is not fraudulent, complete diversity does not exist between the parties. Mot. at 2. Plaintiffs allege (1) Valenzuela resides in Alameda County, California, (2) Everson resides in Alameda County, California, and (3) AcMoody resides in San Joaquin County, California. Compl. ¶¶ 5-7. FedEx opposes the motion to remand on the ground that the joinder of the Individual Defendants is fraudulent. Opp'n, ECF 24.

## II.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United states for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "A defendant may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing 28 U.S.C. § 1441). District courts have diversity jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332.

"Although an action may be removed to federal court only where there is complete diversity of citizenship, 'one exception to the requirement for complete diversity is where a non-diverse defendant has been 'fraudulently joined.'" *Hunter*, 582 F.3d at 1043 (quoting *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001)) (internal citation omitted); *see also Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318-19 (9th Cir. 1998). "If the plaintiff fails to state a cause of

3

action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). That said, there is a "general presumption against fraudulent joinder," and defendants who assert that a party is fraudulently joined carry a "heavy burden." *Hunter*, 582 F.3d at 1046. Defendants must "show that the individuals joined in the action cannot be liable on any theory," *Ritchey*, 129 F.3d at 1318, and that "there is no possibility that the plaintiff will be able to establish a cause of action is State court against the alleged sham defendant." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. Apr. 16, 1998). That is, "[r]emand must be granted unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'" *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting *Burris v. AT&T Wireless, Inc.*, No. 06-cv-02904-JSW, 2006 WL 2018040, at *2 (N.D. Cal. July 19, 2006)). As such, a court's "doubts concerning the sufficiency of a cause of action because of inartful, ambiguous or technically defective pleading must be resolved in favor of remand." *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. Apr. 18, 2001) (citations and internal quotation marks omitted).

"Where fraudulent joinder is an issue . . . [t]he defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." *Ritchey*, 139 F.3d at 1318 (internal quotation marks omitted). If factual issues are in dispute, the Court must resolve all disputed questions of fact in favor of the plaintiff. *See Kalawe v. KFC Nat. Mgmt. Co.*, Civ. No. 90–007799, 1991 WL 338566, at *2 (D. Haw. July 16, 1991) (citing *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)); *see also Mohammed v. Watson Pharm., Inc.*, No. SA CV09-0079, 2009 WL 857517, at *6 (C.D. Cal. Mar. 26, 2009) ("A party is only deemed to have been joined 'fraudulently' if after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (citations and internal quotation marks omitted).

If a district court ultimately determines that it lacks jurisdiction, the action must be remanded back to the state court. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005) (citing 28 U.S.C. § 1447). The Ninth Circuit recognizes a "strong presumption against removal." *Hunter*, 582 F.3d

at 1042 (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)). Thus, "'the defendant always has the burden of establishing that removal is proper,' and . . . the court resolves all ambiguity in favor of remand to state court." *Id.* (quoting *Gaus*, 980 F.2d at 566).

**III. DISCUSSION**

**A. Fraudulent Joinder**

Plaintiffs argue that this case should be remanded to the state court because FedEx has not met its heavy burden of showing fraudulent joinder and thus, complete diversity between the opposing parties is lacking under 28 U.S.C. § 1332. Mot. 2. As an initial matter, there appears to be no dispute that the Individual Defendants are non-diverse. Plaintiffs claim that Individual Defendants are residents of California. Compl. ¶¶ 5-7. By resting its arguments solely on fraudulent joinder, FedEx concedes that the Individual Defendants are citizens of California. Not. of Removal ¶ 17; *see also* Opp'n at 10 ("By the very nature of these 'fraudulent joinder' arguments, FedEx Ground plainly disclosed that the Individual Defendants were in fact nondiverse.").

Plaintiffs argue that the Individual Defendants were not fraudulently joined because for "every claim asserted against an Individual Defendant, California law imposes individual liability." Mot. at 2.[1] Plaintiffs provide arguments and supporting case law that personal liability may be imposed on Individual Defendants on their fraud, harassment, economic interference, and trade secret misappropriation claims. *Id.* at 8-14. Thus, according to Plaintiffs, FedEx fails to show that there is "no possibility" that Plaintiffs could assert those claims – defeating the fraudulent joinder theory. *Id.* FedEx responds that Plaintiffs have failed to state any claim against Individual Defendants. Opp'n at 10-18.

To establish fraudulent joinder, FedEx must "show that the individuals joined in the action cannot be liable on *any* theory," *Ritchey*, 129 F.3d at 1318 (emphasis added). Thus, if the Court finds that FedEx has failed to show that "there is no possibility" that the Plaintiffs will be able to establish a cause of action for *any* of the claims against the Individual Defendants, remand is proper

---

[1] The Court notes that in their Complaint, Plaintiffs assert a claim under the Unruh Civil Rights Act against all Individual Defendants. Compl. ¶¶ 57-65. Plaintiffs fail, however, to show in this Motion that the Unruh Act carries personal liability.

5

1   and the Court need not address the remaining claims and arguments. *See Good*, 5 F. Supp. 2d at
2   807. For the reasons stated below, the Court is persuaded that FedEx has not met its heavy burden
3   of showing fraudulent joinder as to Plaintiffs' economic interference, harassment, and trade secret
4   misappropriation claims. Thus, complete diversity does not exist and the Court need not address
5   the parties' arguments as to the fraud claim against Individual Defendants.

### 1. Economic Interference Claims

Plaintiffs argue that their three economic interference claims, (1) intentional interference with contract, (2) intentional interference with prospective advantage, and (3) negligent interference with prospective advantage carry individual liability. Mot. at 11. FedEx responds that because FedEx is a party to the contracts between Plaintiffs and third parties (regarding FedEx routes), Individual Defendants cannot be held individually liable for economic interference. Opp'n at 11. FedEx argues that "buyers cannot simply 'purchase FedEx routes from Plaintiff' through an isolated third-party transaction; the transaction may only be accomplished through an assignment of Plaintiffs' rights under its contract with FedEx Ground." Opp'n at 11 (citing ISPA § 17, ECF 24-2, Exh. 1). As such, according to FedEx, "FedEx Ground will always be a party to the 'prospective economic opportunities' identified by Plaintiffs (i.e. 'selling routes'), as, in all cases, the only thing that's actually occurring is a transfer of the rights under a contract with FedEx Ground, that requires approval from FedEx Ground." Opp'n at 12.

Plaintiffs reply that "Plaintiff Nguyen Long, on behalf of Josemite, personally participated in approximately ten separate transactions whereby Josemite purchased routes from or sold routes to other contractors" and FedEx was "never included as a 'party' to any of those contracts," nor did FedEx "ever sign those contracts." Reply at 2, ECF 25 (citing Supplemental Declaration of Long Nguyen ("Supp. Nguyen Decl.") ¶ 2, ECF 25-1).

Under California law, "corporate agents and employees acting for and on behalf of a corporation cannot be held liable for inducing a breach of the corporation's contract." *Shoemaker v. Myers*, 52 Cal. 3d 1, 24 (1990). But, "the manager's privilege does not exempt a manager from liability when he or she tortuously interferes with a contract or relationship between third parties." *Asahi Kasei Pharma Corp. v. Actelion Ltd.*, 222 Cal. App. 4th 945, 967-68 (2014).

Here, the parties present a clear factual dispute: whether FedEx was a party to Plaintiffs' contracts with third parties purchasing the routes. And, the parties appear to agree that if FedEx was not a party to Plaintiffs' contracts with third parties, Individual Defendants could – if proven – be held liable. *See* Opp'n at 11-12. In assessing a claim of fraudulent joinder, if factual issues are in dispute, courts must resolve all disputed questions of fact in the plaintiff's favor. *Pacumio v. Wells Fargo Bank, N.A.*, No. 20-CV-00251-JCS, 2020 WL 887929, at *2 (N.D. Cal. Feb. 24, 2020). Thus, resolving the factual dispute in Plaintiffs' favor (*i.e.*, FedEx was not a party to Plaintiffs' contracts with third parties), the Court agrees with Plaintiffs that FedEx has failed to meet its heavy burden under the fraudulent joinder doctrine – that there is "no possibility that the plaintiff will be able to establish a cause of action" against Individual Defendants. *See Good*, 5 F. Supp. 2d at 807; *see also California Crane Sch., Inc. v. Nat'l Comm'n for Certification of Crane Operators*, No. 2:08-CV-00816-MCEEFB, 2008 WL 3863426, at *4 (E.D. Cal. Aug. 19, 2008) (granting motion for remand where defendants failed to show that, under established California law, the privilege applies to the facts of the case).

### 2. Harassment Claim

Next, Plaintiffs argue that Nguyen's claim for harassment in violation of the Fair Employment and Housing Act ("FEHA") carries individual liability. Mot. 10. Section 12940(j)(1) of the FEHA prohibits harassment against "a person providing services pursuant to a contract" based on race, ancestry or national origin. Cal. Gov. Code § 12940(j)(1). Section 12940(j)(3) establishes that "[a]n employee . . . is personally liable for any harassment prohibited by this section." Cal. Gov. Code § 12940(j)(3). FedEx, citing *Reno v. Baird*, argues that because "commonly necessary personnel management actions" do not come within the meaning of harassment, Plaintiffs have "failed to state a true harassment claim against any of the Individual Defendants." Opp'n at 12-13 (citing *Reno v. Baird*, 18 Cal. 4th 640, 647 (1998)). Those "commonly necessary personnel management actions" include "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like." *Baird*, 18 Cal. 4th at 646–47. Plaintiffs reply

that (1) the conduct alleged in the Complaint (*e.g.*, sabotaging efforts to sell routes, providing false information to buyers, attempting to extort and/or deceive Nguyen into releasing claims (Compl. ¶ 51)) are not "personnel actions" or "official employment actions" and (2) even if they were, under California law, "some official employment actions" may "also have a secondary effect of communicating a hostile message" and thus be the basis for a harassment claim. Reply at 4 (citing *Roby v. McKesson Corp.*, 47 Cal. 4th 686, 709 (2009), *as modified* (Feb. 10, 2010)).

The Court agrees with Plaintiffs. The statute is clear – harassment under FEHA carries personal liability. *See* Cal. Gov. Code § 12940(j)(3). FedEx appears to challenge the sufficiency of Plaintiffs' harassment allegations – but "the test for fraudulent joinder and for failure to state a claim under Rule 12(b)(6) are not equivalent." *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 549 (9th Cir. 2018). A district court must remand the case to state court if there is a "*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants." *Hunter*, 582 F.3d at 1046 (emphasis added) (internal quotations and citation omitted). As for Nguyen's harassment claim, "the California Supreme Court has held that 'official employment actions' *can* be considered as part of the conduct supporting a harassment claim when the actions convey an offensive and hostile message to the employee." *Landucci v. State Farm Ins. Co.*, 65 F. Supp. 3d 694, 705–06 (N.D. Cal. 2014) (citing *Roby*, 47 Cal. 4th at 708).

Here, Plaintiffs have alleged several wrongful acts on the basis of Nguyen's race and national origin – specifically, "sabotaging efforts to sell routes, providing false information to buyers, providing confidential information to buyers, falsifying service numbers, imposing punitive fees, mispresenting and concealing material facts, denying contractual rights, issuing notices to cure, terminating contracts, refusing to provide extensions, issuing fraudulent invoices, attempting to extort and/or deceive Plaintiff into releasing claims." *See* Compl. ¶ 51. Thus, the Court cannot find that there is "no possibility" that a state court would find that Nguyen has stated a cause of action for harassment, because a state court may find that the alleged wrongful acts (1) are not "official employment actions" or (2) "convey an offensive and hostile message." *See Roby*, 47 Cal. 4th at 708.

### 3. Trade Secret Misappropriation Claim

Plaintiffs also argue that their claim for misappropriation of trade secrets under the California Uniform Trade Secrets Act ("CUTSA"), carries personal liability. Mot. at 13. FedEx responds that "(a) Plaintiffs have failed to allege any actual trade secrets that were 'improperly disclosed'; and (b) even if they had, Valenzuela always possessed 'express or implied consent' to make limited disclosures." Opp'n at 16.

To support its first challenge to Plaintiffs' trade secret misappropriation claim, FedEx argues that Plaintiffs have failed to allege that Valenzuela disclosed "any actual trade secrets." Opp'n at 17. Citing to the Complaint, FedEx argues that the specific information allegedly disclosed (*e.g.*, representations to a potential purchasers) are not trade secrets. *Id.* Plaintiffs reply that they allege "Valenzuela provided confidential, false and/or damaging information, including information relating to Josemite's business operations, equipment, employees, and services, to discourage buyers from completing the transaction." Reply at 8; *see also* Compl. ¶ 28. According to Plaintiffs, these allegations are "more than satisfactory." Reply at 8.

There appears to be no dispute that "[u]nder the plain terms of the Uniform Trade Secrets Act, defendants may be personally liable: if they used, through the corporation, [plaintiff's] trade secrets[.]" *PMC, Inc. v. Kadisha*, 78 Cal. App. 4th 1368, 1383 (2000). FedEx appears to challenge the sufficiency of Plaintiffs' specific allegations regarding the specific trade secrets Valenzuela allegedly disclosed. The Court finds that Plaintiffs' allegations that "information relating to Josemite's business operations, equipment, employees, and services" were disclosed are sufficient at this stage. *See* Compl. ¶ 28, 67-69. California Code of Civil Procedure § 2019.2101 provides for a procedure whereby Plaintiffs must "identify the trade secret with reasonable particularity" before commencing discovery – but at the pleading stage, Plaintiffs' allegations are sufficient to show that there is a "possibility" they could state a claim under CUTSA.

As for FedEx's second argument, FedEx cites to the provisions of the Independent Service Provider Agreement to argue that "Valenzuela, had both 'express [and] implied consent' to make these disclosures, as well as others, when vetting proposed assignees who sought to assume Plaintiffs' responsibilities under the ISPA." Opp'n at 17 (citing (ISPA, at § 10 ("Confidential

9

Information"), § 17 ("Assignment")). In response, Plaintiffs provide a declaration from Nguyen stating that from 2013 to 2019, he worked with approximately six station managers, all of whom "told [Nguyen] and other contractors that they were not permitted to discuss with prospective purchasers anything about the specific operations of the selling party (e.g., Josemite) including, employees, finances, ratings, penalties, complaints, performance, notices, or discipline." Supp. Nguyen Decl. ¶ 3. Again, the parties present a factual dispute (*i.e.*, whether Valenzuela was authorized to disclose Plaintiffs' business information) – and that factual dispute must be resolved in Plaintiffs' favor. *See Pacumio*, 2020 WL 887929, at *2. Accordingly, the Court cannot find that there is "no possibility" that Plaintiffs could state a claim under California UTSA.

\*\*\*

In sum, FedEx has failed to meet its heavy burden that the non-diverse Individual Defendants cannot be liable under any theory and thus, the Court declines to find that the Individual Defendants ware fraudulently joined. Thus, the Court lacks subject matter jurisdiction and GRANTS Plaintiffs' Motion to Remand.

**B.     Attorney's Fees and Costs**

Plaintiffs request $7,500 in attorney's fees and costs. Mot. at 14-15. Plaintiffs argue that "[t]here is no objectively reasonable basis for Defendants to remove the entire case by positing that 'it is obvious' under established California law that individual supervisors enjoy absolute immunity for intentional and statutory torts committed at work" and "California law has long established the exact opposite." *Id.* at 15. FedEx responds that because "FedEx Ground's positions are well crafted and amply supported, often by California Supreme Court authority," to recover attorney's fees, Plaintiffs must show "something more" than lack of merit in FedEx's arguments. Opp'n at 18. FedEx also points to the procedural history of this case and the fact that Plaintiffs filed a near identical complaint in arbitration without naming Individual Defendants – which, according to FedEx, supports FedEx's position that the Individual Defendants were named only to defeat removal. *Id.* at 19.

Upon issuing an order remanding the case, a court may award "just costs and any actual expenses, including attorney fees, incurred as a result of the removal" pursuant to 28 U.S.C. §

10

1447(c). The "award of fees under § 1447(c) is left to the district court's discretion." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005). The standard for awarding fees turns "on the reasonableness of the removal." *Id.* at 141. "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Courts have determined whether removal was objectively reasonable in part "by looking to the clarity of the law at the time of removal." *See Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1066 (9th Cir. 2008) (citing *Martin*, 546 U.S. at 141).

After reviewing the briefing and relevant authority, the Court agrees with Plaintiffs that an award of attorney's fees under § 1447(c) is justified in these circumstances. Plaintiffs asserted eight causes of action against the Individual Defendants – and several of those causes of action carry personal liability under well-settled California law (*e.g.*, economic interference claims, harassment claim, and trade secret claim). In fact, FedEx's opposition brief repeatedly argues that Plaintiffs "failed to state a cause of action" (*see* Opp'n at 11-17) instead of applying the well-established standard for analyzing fraudulent joinder – that "there is ***no possibility*** that the plaintiff will be able to establish a cause of action is State court against the alleged sham defendant." *Good*, 5 F. Supp. 2d at 807 (emphasis added). Thus, the Court concludes that FedEx lacked an objectively reasonable basis for seeking removal (*i.e.*, that there was no possibility that Plaintiffs could establish a cause of action against the Individual Defendants) and awards reasonable attorney's fees to Plaintiffs under 28 U.S.C. § 1447(c).

The Court next determines whether the requested amount of $7,500 is a reasonable award. The Court finds that the requested fees are excessive and will award only $5,580.

In support of their request, Plaintiffs submitted a declaration from their counsel, Scott Berman, who incurred fees in relation to the instant motion. Declaration of Scott A. Berman in Support of Motion to Remand Action to State Court and Request for Costs and Attorney's Fees ("Berman Decl."), ECF 17-2. Mr. Berman states that he spent over 15.5 hours "researching case law, drafting the Motion to Remand, drafting [his] Declaration and other supporting papers." *Id.* ¶ 7. Mr. Berman also anticipated spending another 4.5 hours preparing the reply brief and attending the hearing on the matter. *Id.* Mr. Berman declares that his customary hourly rate is $465, bringing

11

the total estimated attorney's fees to $9,300.  *Id.*  Plaintiffs, however, request only $7,500 "to avoid any disputes concerning billing or efficiency."  Mot. at 15.

The Court finds that the amount of time spent on the motion was excessive and determines that 12 hours rather than 20 hours is a reasonable amount of time to research and draft the fifteen-page motion for remand, the supporting declarations, and the reply brief.  Moreover, the Court ruled on this motion based on the written submissions and counsel did not incur any costs attending a hearing.  Accordingly, the Court finds that the reasonable fees incurred by Mr. Berman amounts to $5,580 for twelve hours total at a $465-per-hour rate.

**IV.   ORDER**

For the foregoing reasons, the Court GRANTS Plaintiffs' Motion to Remand to State Court and GRANTS IN PART Plaintiffs' Request for Attorney's Fees in the amount of $5,580.  The Clerk of the Court shall remand this action to Superior Court of California for the County of Santa Clara and close the case.   To be clear, the Court makes no ruling as to FedEx's pending motion to compel arbitration at ECF 6.  FedEx's pending motion to compel arbitration will be remanded to state court with this action.

**IT IS SO ORDERED.**

Dated: March 9, 2020

_____
BETH LABSON FREEMAN
United States District Judge